UNITED STATES of America,
Plaintiff–Appellee,

v.

Henry Wesley CHISOLM,
Defendant–Appellant.

No. 01–6992.

United States Court of Appeals,
Fourth Circuit.

Submitted Oct. 31, 2001.

Decided Nov. 28, 2001.

Henry Wesley Chisolm, pro se. Marshall Prince, Office of the United States Attorney, Columbia, SC, for appellee.

Before WILKINS, MOTZ, and GREGORY, Circuit Judges.

## OPINION

PER CURIAM.

Henry Wesley Chisolm appeals the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2001). Finding no reversible error, we dismiss the appeal.

In his motion, Chisolm contended his counsel was ineffective in several respects. We have reviewed the record and the district court's opinion considering this claim and find no reversible error.

Chisolm also contends, for the first time on appeal, that his sentence violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and that his counsel was ineffective for failing to note the violation. Because Chisolm failed to raise these claims in the district court and does not demonstrate exceptional circumstances, we decline to address them. *See Muth v. United States,* 1 F.3d 246, 250 (4th Cir.1993); *First Va. Banks, Inc. v. BP Exploration & Oil, Inc.,* 206 F.3d 404, 407 n. 1 (4th Cir.2000).*

Accordingly, we deny a certificate of appealability and dismiss the appeal substantially on the reasoning of the district court. *See United States v. Chisolm,* No. CA–01–3–0 (D.S.C. Apr. 18, 2001). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*

---

* Moreover, had Chisolm's *Apprendi* claim been raised below, it would still fail, as his 100 month sentence did not exceed the applicable statutory maximum and he could not properly raise the claim initially on collateral review. *See United States v. Promise,* 255 F.3d 150, 156 (4th Cir.2001) (en banc) (holding statutory maximum is twenty years when drug quantity is not charged as element of offense and found by jury beyond a reasonable doubt); *see also United States v. Sanders,* 247 F.3d 139 (4th Cir.2001) (holding Supreme Court has not yet made *Apprendi* retroactive to cases on collateral review).